THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROOSEVELT CANNADY**                                                                               **PLAINTIFF**

v.                                 **Case No. 3:20-cv-00217-KGB**

**ERASMO DESDIN and DENNY SUMPTER**                           **DEFENDANTS**

**ORDER**

Before the Court is the status of this case. On July 27, 2020, plaintiff Roosevelt Cannady, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* ("IFP") and a complaint against his landlord, Erasmo Desdin, and Denny Sumpter, an attorney at Rogers, Coe & Sumpter (collectively, "defendants") (Dkt. Nos. 1, 2).

**I.  IFP Application**

Based on Mr. Cannady's application to proceed IFP, Mr. Cannady has neither the funds nor the income to pay the filing fee. Therefore, the Court grants Mr. Cannady's motion to proceed IFP (Dkt. No. 1).

**II.  Screening**

The Court will screen Mr. Cannady's complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons discussed herein, it does not appear that the Court has subject-matter jurisdiction over this action.

**A.  Legal Standard**

Because Mr. Cannady is proceeding IFP, the Court is required to screen his complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, No. 3:18-

CV-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

B.  **Discussion**

In his complaint, Mr. Cannady alleges that his landlord retaliated against him for reporting a safety matter during the COVID-19 pandemic, which he maintains "is illegal in Arkansas." (Dkt. No. 2, at 4).  For relief, Mr. Cannady seeks $2,500 in damages (*Id.*).

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quoting *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998)). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

United States district courts have original subject-matter jurisdiction over only two types of cases:  federal-question cases under 28 U.S.C. § 1331 and diversity-of-citizenship cases under 28 U.S.C. § 1332.  Mr. Cannady has identified the basis for federal-court jurisdiction as federal question (Dkt. No. 2, at 3). However, having carefully reviewed the complaint, the Court doubts that it has subject-matter jurisdiction to hear this matter.

Federal-question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. v. Constr.*

*Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-10 (1983)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).  A federal question is presented only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd.*, 463 U.S. at 27–28.

Mr. Cannady has not identified any specific federal statute, federal treaty, or provision of the United States Constitution that is at issue in this case.  Rather, Mr. Cannady appears to assert state-law claims for defamation and retaliation.  Presumably, these claims may be brought in state court, but they are not an independent basis for federal-question jurisdiction.

Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332(a).  The diversity statute requires complete diversity of citizenship, which exists "where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).  To determine jurisdiction, the Court looks to the parties' status at the lawsuit's filing.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004).  Here, Mr. Cannady alleges that he is a citizen of Arkansas and that Mr. Desdin is a citizen of Arkansas.  Accordingly, Mr. Cannady has not established that this Court has diversity jurisdiction over his claims.

In the light of the deficiencies outlined herein, the Court will not direct service of Mr. Cannady's complaint at this time.  Instead, the Court orders Mr. Cannady to show cause, within 30 days from the entry of this Order, as to why this action should not be dismissed for lack of subject-matter jurisdiction.

### III. Conclusion

For the reasons set forth above, the Court grants Mr. Cannady's motion for leave to proceed IFP (Dkt. No. 1). The Court orders Mr. Cannady to show cause, within 30 days from the entry of this Order, as to why this action should not be dismissed for lack of subject-matter jurisdiction.

It is so ordered this 27th day of October, 2020.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge