THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROOSEVELT CANNADY**                                                            **PLAINTIFF**

v.                      **Case No. 3:20-cv-00217-KGB**

**ERASMO DESDIN and DENNY SUMPTER**                        **DEFENDANTS**

## ORDER

Before the Court is the status of this case. On July 27, 2020, plaintiff Roosevelt Cannady, proceeding *pro se*, filed a complaint against his landlord, Erasmo Desdin, and Denny Sumpter, an attorney at Rogers, Coe & Sumpter (collectively, "defendants") (Dkt. Nos. 1, 2). On October 27, 2020, the Court issued an order directing Mr. Cannady to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction (Dkt. No. 4). Mr. Cannady filed a motion to show cause on November 2, 2020 (Dkt. No. 5). Upon review of Mr. Cannady's complaint and motion to show cause, the Court dismisses without prejudice Mr. Cannady's complaint.

Mr. Cannady's motion to show cause states that "[l]andlord and property managers are required to follow their federal[,] state[,] and local laws about informing tenants of policies… [including] informing a tenant of any lead based paint hazards." (Dkt. No. 5, ¶ 1). However, Mr. Cannady does not identify which federal laws he alleges the defendants Mr. Desdin and Mr. Sumpter have violated. Further, inasmuch as he references 42 U.S.C.A. § 4852d (regarding "[d]isclosure of information concerning lead upon transfer of residential property"), Mr. Cannady has made no claims nor presented any facts suggesting any violation of this federal provision. In his motion to show cause, Mr. Cannady references only Arkansas state law prohibiting landlord retaliation (Dkt. No. 5, ¶ 3).

Mr. Cannady's motion to show cause also claims that "if a landlord is found to be retaliating he or she will not be able to evict the tenant who may also be awarded damages from the landlord plus fees." (Dkt. No. 5, at 1). Mr. Cannady states "[i]t is illegal in Arkansas for a landlord to retaliate on a tenant." (*Id.*). These statements do not establish this Court's subject matter jurisdiction in this case, either as a question of federal law or under diversity jurisdiction.

Upon review of Mr. Cannady's complaint and motion to show cause, the Court concludes that Mr. Cannady has failed to state facts or claims sufficient to establish subject matter jurisdiction. Therefore, the Court dismisses Mr. Cannady's complaint for lack of subject-matter jurisdiction.

It is so ordered this 31st day of August, 2021.

*[signature: Kristine G. Baker]*
Kristine G. Baker
United States District Judge